UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW CLEVERLEY,

    Plaintiff,

  v.

JENNIFER HYATT,

    Defendant.

CASE NO. C09-5664BHS

ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR TRANSFER TO PROPER VENUE

This matter comes before the Court on Defendant's motion to dismiss for improper venue or transfer to a proper venue (Dkt. 6). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

On October 22, 2009, Plaintiff filed a complaint against Defendant. Dkt. 1. On December 8, 2009, Defendant filed the instant motion to dismiss. Dkt. 6. On December 10, 2009, the instant matter was reassigned to the undersigned. Dkt. 7. On December 11, 2009, Plaintiff responded to Defendant's motion to dismiss. Dkt. 8. On December 31,

2009, Christopher J. Marston appeared on behalf of Defendant and filed an answer to the Complaint (Dkt. 10); Defendant previously appeared *pro se*.

## II. FACTUAL BACKGROUND

This matter arises in tort. *See generally* Complaint. Plaintiff brought this action under diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* Plaintiff is a resident of Washington and Defendant is a resident of Indiana. Complaint ¶¶ 3-4. Defendant alleges that between May and October of 2009, Defendant made and caused defamatory statements to be transmitted and retransmitted to others in both Washington and Indiana. *Id.* ¶¶ 5-6.

Defendant filed the instant motion to dismiss arguing that venue is improper and contends that she is not subject to personal jurisdiction in this Court. Dkt. 6. Plaintiff responds that venue is proper and that Defendant is properly before the Court. Dkt. 8.

## III. DISCUSSION

### A. Diversity Jurisdiction

The federal diversity jurisdiction statute, 28 U.S.C. § 1332, vests district courts with jurisdiction over "all civil actions" between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). To establish federal jurisdiction under this statute, two requirements must be met. First, "each defendant [must be] a citizen of a different state from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Second, the complaint must include allegations that the amount in controversy "exceeds" $75,000.00.

Neither party disputes that each is a citizen of a different state. Plaintiff is a citizen of Washington. Complaint ¶ 1. Defendant is a citizen of Indiana. *Id.* ¶ 2. Therefore, the citizenship requirement of section 1332 is satisfied. *See* 28 U.S.C. 1332.

Defendant claims that the amount in controversy for purposes of 28 U.S.C. § 1332 is not met in this matter. Answer ¶ 1. "Generally the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enterprises*, 231 F .3d 1129, 1131

(9th Cir. 2000). In *Crum*, the Ninth Circuit also recited the equally well-settled rule that "[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). The *Crum* court further relied on *St. Paul* when it expressly stated that "'[t]o justify dismissal,' it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (quoting *Budget Rent-a-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (quoting in turn *St. Paul Mercury*, 303 U.S. at 289)).

The face of Plaintiff's Complaint asserts damages in an amount to exceed $75,000. *See, e.g.,* Complaint ¶ 10. At this point, the Court cannot conclude to a legal certainty that the damages fall below the jurisdictional requirement. Thus, the jurisdictional amount is satisfied pursuant to 28 U.S.C. § 1332.

Therefore, the court concludes that it has original jurisdiction over this action based on diversity jurisdiction. *See* 28 U.S.C. § 1332.

**B.     Improper Venue**

**1.     Motion to Transfer for Improper Venue**

Defendant moves the Court to transfer this matter to what is apparently a state court. *See* Dkt. 6 at 3. Plaintiff requests transfer to a court in Virgo County, Indiana. *Id*. Venue transfers within the federal courts is governed by 28 U.S.C. § 1404(a).

Specifically, section 1404 provides that "[t]he district courts of a district in which is filed a case laying venue in the wrong *division or district* shall dismiss, or if it be in the interest of justice, transfer such case to any *district or division* in which it could have been brought." *Id*. (emphasis added). Section 1404(a) vests "a federal forum with the power to transfer a transitory cause of action to a more convenient *federal* court." *Pope v. Atlantic Coast Line R. Co.*, 345 U.S. 379, 384 (1953) (emphasis added).

Therefore, the Court denies Defendant's motion as it pertains to this theory for transfer due to improper venue.

### 2. Personal Jurisdiction

Alternatively, Defendant moves the Court to dismiss the matter alleging that the Court lacks personal jurisdiction over her. Dkt. 6. When a court lacks jurisdiction over a person, a court will grant a motion to dismiss. Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of establishing personal jurisdiction. *See Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Because the Court is resolving the motion to dismiss before discovery has been conducted and without an evidentiary hearing, Plaintiff "need make only a prima facie showing of jurisdictional facts to withstand the motion." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). That is, Plaintiff "need only demonstrate facts that if true would support jurisdiction[.]" *Id.*; *see Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) ("[T]he prima facie jurisdictional analysis requires us to accept plaintiff's allegations as true.").

The Ninth Circuit begins "jurisdictional analysis by looking to the state statute that authorizes its courts to exercise jurisdiction over out-of-state defendants. Washington's long-arm statute, section 4.28.185 of the Washington Revised Code, permits the exercise of jurisdiction to the full extent of the due process clause of the United States Constitution." *Easter v. American West Financial*, 381 F.3d 947, 960 (9th Cir. 2004).

Federal due process restricts "the power of [a forum state] to assert in personam jurisdiction over a nonresident defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984). A nonresident defendant must have minimum contacts with the forum state such that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). "[T]he relationship among the defendant, the forum, and the litigation [are] the central concern of the inquiry into" the minimum contacts necessary for personal jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). *Helicopteros* discusses two types of personal jurisdiction, general and specific. Plaintiff appears to assert only that Defendant is subject to specific personal jurisdiction. Dkt. 8.

The Ninth Circuit has established a three-part inquiry for specific jurisdiction: (1) has the defendant purposefully directed tortious activities at the forum or a resident thereof or performed some act by which she purposefully availed herself of the privileges of conducting activities in the forum, (2) do the claims arise out of or result from the Defendant's forum-related activities, and (3) is the exercise of jurisdiction reasonable? *Bancroft*, 223 F.3d at 1086.

Plaintiff bears the burden of satisfying the first two prongs of this test. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If Plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If Plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to Defendant to "present a compelling case that the exercise of jurisdiction would not be reasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-478 (1985). The Court examines Defendant's contacts with the forum at the time of the events underlying the dispute. *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987).

### a. **Purposeful Direction**

In cases arising out of tort allegations, as is the case here, the purposeful direction requirement applies. *Calder v. Jones*, 465 U.S. 783, 788-90 (1984). This test is satisfied when a defendant's non-forum conduct was purposely directed at and caused harm in the forum state. *See Id*. The defendant "must have (1) committed an intentional act, which was (2) expressly aimed at [the plaintiff or the] forum state, and (3) caused harm . . . which is suffered and which the defendant knows is likely to be suffered [by the plaintiff or] in the forum state." *Bancroft*, 223 F.3d at 1087 (citation omitted). In evaluating whether these elements are satisfied at this stage of the proceeding, a court must accept as true the plaintiff's factual allegations. *See id.*

First, Plaintiff alleges that Defendant intentionally defamed Plaintiff, caused him outrage, and thereby interfered with his business relationships. ¶¶ 5-17. These allegations are assumed to be true for purposes of this motion. *Bancroft*, 223 F.3d at 1087. Thus,

Plaintiff allegedly committed the requisite intentional act, the first prong of the personal direction inquiry.

Second, the Ninth Circuit has explained that "the express aiming 'requirement is satisfied when [a] defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 379 F.3d 1120, 1125 (9th Cir. 2004) (quoting *Bancroft*, 223 F.3d at 1087); even though Defendant admittedly knows Plaintiff is from Washington (the forum state), she claims her statements (the alleged wrongful conduct) were not directed at Plaintiff or the forum state because she was merely answering questions of Washington and California employees. Dkt. 6 (relying on *Calder*, 465 U.S. 783). Defendant, however, misreads *Calder. See Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) ("As we have previously recognized, *Calder* stands for the proposition that purposeful availment is satisfied even by a defendant 'whose only 'contact' with the forum state is the 'purposeful direction' of a foreign act having effect in the forum state.'") (citation omitted). Plaintiff alleges that Defendant "made defamatory statements about Plaintiff and caused them to be transmitted [and retransmitted] to others" and that "[t]hose statements were made in the state of Indiana" and in Washington State. Complaint ¶¶ 5-6. These allegations are assumed to be true for purposes of this motion. *Bancroft*, 223 F.3d at 1087. Thus, on this record, it appears that, on more than one occasion, Defendant allegedly made statements that, if true, would constitute wrongful conduct, which satisfies the second prong of the purposeful direction inquiry.

Finally, Plaintiff alleges that Defendant's unlawful acts were intended for him as a Washington resident and were the cause of Plaintiff's harm. *See* Complaint. Defendant concedes she knows Plaintiff is a Washington resident. Dkt. 6 at 1; *see also* Answer ¶ 1. Defendant does not adequately establish how, given this knowledge, she would not also know that the harm she caused Plaintiff, if any, would be suffered in the forum state, Washington. Thus, the final prong of the purposeful direction inquiry is met.

Therefore, based on the foregoing, the Court concludes Plaintiff's factual allegations satisfy all three prongs of the Ninth Circuit's test for purposeful direction.

### b. Claims Arising Out of Forum-Related Activities

"The second requirement for specific jurisdiction is that the contacts constituting purposeful [direction] must be the ones that give rise to the current suit." *Bancroft*, 223 F.3d at 1088. The Ninth Circuit "measure[s] this requirement in terms of 'but for' causation." *Id.* The requirement is easily satisfied in this case. Plaintiff alleges that from May through October of 2009, "Defendant made defamatory statements about Plaintiff and caused them to be transmitted [and retransmitted] to others" and that "[t]hose statemetns were made in [or transmitted to] . . . Washington." But for these alleged actions, Plaintiff would not have brought this lawsuit. *See Dole*, 303 F.3d at 1114 (Dole's claims clearly arose out of the defendants' contacts with the forum where the contacts were "integral and essential parts of the alleged fraudulent scheme" on which Dole based its suit).

Therefore, based on the foregoing, the Court concludes this requirement is met.

### c. Reasonableness

Where the previous two requirements are met, a strong presumption of jurisdiction exists and Defendant "must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Ballard*, 65 F.3d at 1500 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, (1985) (emphasis added by *Ballard*)). The Ninth Circuit has identified seven specific factors that must be considered in making the reasonableness determination:

> (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*Bancroft*, 223 F.3d at 1088.

Defendant bears a "heavy burden of rebutting the strong presumption in favor of jurisdiction." *Ballard*, 65 F.3d at 1500; *see Burger King*, 471 U.S. at 476 (jurisdiction is improperly asserted when "the seven factors are so lopsided in [Defendant's] favor as to render the exercise of jurisdiction contrary to 'fair play and substantial justice'"). To rebut this presumption, Defendant only points to the residences of the parties and the location of witnesses inside and outside the forum state. Dkt. 6 at 1-2. Presumably, Defendant means to argue that it is unreasonable for the Court to assert personal jurisdiction based on the burden of litigating in Washington. However, this argument only addresses factor (2) in the seven-factor analytical framework for determining reasonableness. Moreover, "unless the inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction." *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir. 1998). "In this era of . . . discount air travel requiring [Defendant] to litigate in [Washington] is not constitutionally unreasonable." *Id.* (quoting *Panavision*, 938 F. Supp. at 622 (quoting *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990))) (internal quotations omitted).

Therefore, the Court concludes that Defendant does not adequately meet her burden to rebut the strong presumption in favor of jurisdiction. *See* Dkt. 6.

### d. Conclusion.

Plaintiff has established a prima facie showing of specific jurisdiction. *See Ballard v. Savage*, 65 F.3d at 1498. Defendant did not establish that the exercise of personal jurisdiction will offend the notions of fair play and substantial justice. *Id* at 1500. Therefore, the Court concludes that, at this time, Defendant is subject to specific personal jurisdiction of the Court.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's motion to dismiss for improper venue and/or transfer to a proper venue (Dkt. 6) is **DENIED** without prejudice.

DATED this 11th day of January, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge